IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____
3M COMPANY and                                )
                                              )
3M INNOVATIVE PROPERTIES          )
COMPANY,                                      )
                                              )
             Plaintiffs,        )
                                              )
vs.                                           )  Civil File No.:  05-CV-26 (MJD/JGL)
                                              )
LOUIS M. GERSON CO., INC.             )
                                              )
             Defendant         )
_____ )

## FINAL JUDGMENT

The Court having considered the pleadings, facts and applicable law, Final Judgment is hereby entered as follows:

## FINDINGS OF FACT

1.      Plaintiff 3M Company ("3M") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427.  3M Company is in the business of manufacturing and selling a wide variety of consumer, commercial and industrial products, including filtering face masks.

2.      Plaintiff 3M Innovative Properties Company ("3M IPC") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427. 3M IPC is a wholly owned subsidiary of 3M and is in the business, *inter alia*, of obtaining, managing and licensing intellectual property.

3. Defendant Louis M. Gerson Co. ("Gerson") is a Delaware corporation having its principal place of business at 15 Sproat Street, Middleboro, MA 02346.  Gerson is in the business of manufacturing and selling industrial products, including filtering face masks.

4. Plaintiff 3M Innovative Properties Company ("3M IPC") owns U.S. Patent No. RE 37,974 E ("the '974 patent"); U.S. Patent No. 6,843,248 B2 ("the '248 patent); and U.S. Patent No. 6,854,463 B2 ("the '463 patent").  Each of these patents is directed to filtering face masks that include one-way exhalation valves.  The patented masks allow a person to rapidly exhale warm, moist air through the valve without permitting unfiltered air to enter the mask.

5. Plaintiff 3M Company is the exclusive licensee of the '974 patent, the '248 patent, and the '463 patent.

6. Defendant Louis M. Gerson Co., Inc. ("Gerson") has sold and continues to sell filtering face pieces that have exhalation valves ("Gerson's valved masks"), representative examples of which are identified in 3M's Second Amended Complaint.

7. Plaintiffs brought this action against Defendant contending that Gerson's valved masks infringe the '974 patent, the '248 patent, and the '463 patent.  The "products-in-suit" include the Gerson valved masks that are listed in the parties' Settlement Agreement dated August 9, 2005 ("the Settlement Agreement") and that are made, used, sold, imported, exported, and/or offered for sale in the United States.

8. Any Finding of Fact which is deemed to be a Conclusion of Law is hereby adopted as such.

## CONCLUSIONS OF LAW

9. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

11. All claims of the '974 patent, the '248 patent, and the '463 patent that have been issued by the United States Patent and Trademark Office as of the date of this Consent Judgment are valid and enforceable based on the Defendant's past, present, and future products.

12. The products-in-suit infringe the '974 patent, the '248 patent, and the '463 patent.

13. The issues of patent infringement in this case are hereby finally concluded and disposed of, and this Judgment bars Defendant from contending in this action or any other proceeding that the products in suit and other products that are only colorably different do not infringe the '974 patent, the '248 patent, and the '463 patent.

14. This Judgment shall finally conclude and dispose of this litigation, and as to all parties, this Judgment shall be entitled to issue preclusion, claim preclusion, res judicata, and collateral estoppel effect in future litigation or United States Patent and Trademark Office proceedings related to the '974 patent, the '248 patent, and the '463 patent. The Court and the parties explicitly intend such issue preclusion, claim preclusion, res judicata, and collateral estoppel effects to extend to the issues of claim construction, validity, and enforceability regarding any claim of the '974 patent, the '248 patent, or the '463 patent whether raised in a court proceeding, U.S.P.T.O. proceeding, re-examination, reissue or other dispute even with respect to materially different products.

15. Any Conclusion of Law that is deemed to be a Finding of Fact is hereby adopted as such.

## **ORDER**

A. Damages for past infringement and for Defendant's future use of the inventions in the '974 patent, the '248 patent, and the '463 patent shall be in accordance with the Settlement Agreement. The Settlement Agreement shall be binding on the parties notwithstanding that the '974 patent, the '248 patent, or the '463 patent may be held invalid or unenforceable in any other proceedings, or may be held to be not infringed by products in any other proceedings.

B. Defendant, including its officers, directors, agents, servants, employees, attorneys, and all persons controlling or in active concert or participation with, through, or under them are hereby enjoined from infringing any claim of the '974 patent, the '248 patent, or the '463 patent and from causing, inducing, or contributing to the infringement of the '974 patent, the '248 patent, or the '463 patent by any other.

C. This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Judgment and for all issues associated with the Judgment and the Settlement Agreement.

D. No appeal shall be taken from this Judgment by any party to this action, the right to appeal having been expressly waived by all parties.

E. This Final Judgment shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice.

5

    F.    This Final Judgment shall be entered without further notice.

    The Clerk is directed to enter this Final Judgment.

IT IS SO ORDERED.

Dated: August 19, 2005        <u>s/ Michael J. Davis</u>
                                  The Honorable Michael J. Davis
                                  United States District Judge